IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD BORAZANIAN, | ) | CASE NO. 4:10CV0608 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| | ) | |
| FEDERAL PRISON INDUSTRIES, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Donald Borazanian brings this action against Defendants Federal Prison Industries and Reed Technology and Information Services Inc.[1] Plaintiff is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio. Although he used the requisite form in filing his civil rights claim, Plaintiff failed to set forth which constitutional rights were violated. Plaintiff alleges that he has been permanently denied employment by Federal Prison Industries for a job in their Automated Data Processing ("ADP") office, which processes patents, because of a non-work related crime he committed over ten years ago.[2] The Bureau of Prison staff informed Plaintiff that he was denied employment due to safety and security reasons. Plaintiff asserts that his crime was neither related to any patent nor did it involve theft, manipulation, or destruction of data. Plaintiff further asserts that the reasons provided are so vague that the denial of employment is unconstitutional. Plaintiff questions why prisoners with no safety or security issues are permitted to work for ADP, whereas he is not.

---

[1] On June 18, 2010, Plaintiff filed a Motion for Leave (Doc. 4) to add five people as parties defendant. This, however, does not change the result here.

[2] Federal Prison Industries is a contractor for Reed Technology and Information Services Inc.

1

*Pro se* pleadings shall be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the district court may dismiss an action under 28 U.S.C. § 1915(e)(2) if it fails to state a claim on which relief may be granted or lacks an arguable basis in law or fact. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff has failed to state a claim on which relief may be granted. Prisoners do not have a constitutional right to prison employment or particular prison jobs. *Martin v. O'Brien,* 207 Fed. Appx. 587, 590 (6th Cir. 2006); *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir.1989); *Ali v. Morgan*, No. 09-CV-39-KKC, 2009 WL 872896, at *3 (E.D.Ky. March 27, 2009). The claim asserted in the case at bar is without merit and, therefore, the action is dismissed under 28 U.S.C. § 1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: July 7, 2010             \_\_\_\_*s/ John R. Adams*_____ \_\_\_\_\_
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE

2